IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO.  3:05cr71-WHA |
| | ) | |
| BERNARDO LEE TIGNOR | ) | (WO) |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Bernardo Tignor ("Defendant"), who previously pled guilty to two counts in a federal criminal indictment,  has submitted two objections to the United States Probation Officer's computation of the advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G").  The dispute centers on how the initial base offense level should be calculated.  The Government argues that, because Defendant's criminal record includes prior convictions for two so called "crimes of violence," it is proper to use a higher base offense level to compute the sentence.  Convictions under Alabama law for Aggravated Stalking and Felony DUI are cited by the Government as crimes of violence.  Defendant counters that it is improper to treat either Aggravated Stalking or Felony DUI as a crime of violence, thus the base offense level used in calculating his recommended sentence range ought to be significantly lower.

For reasons to be discussed, Defendant's objections are OVERRULED.

**II.  PROCEDURAL HISTORY**

On March 16, 2005, Defendant was charged in a two count federal indictment with: (1) Possession of a firearm by a convicted felon, a violation of 18 U.S.C. 922(g) and (2) Possession of a firearm with an obliterated serial number, a violation of 18 U.S.C. 922(k).  On August 22,

2005, Defendant pled guilty to both counts in a written plea agreement pursuant to Fed. R. Crim. P. 11 (c)(1)(c).  In October, 2005, the Probation Office for the Middle District of Alabama completed a Pre Sentence Report ("PSR") computing the recommended guidelines sentencing range at 63-78 months, based on an adjusted offense level of 22, , a 3-point reduction for acceptance of responsibility, and a criminal history category of VI.  This range included an enhancement in the Base Offense Level to 20 under U.S.S.G. § 2K2.1(a)(4), treating Defendant's prior conviction for Aggravated Stalking as a crime of violence, as defined in U.S.S.G. § 4B1.2(a), and a two-point enhancement for obliterated serial number.  Defendant filed a Sentencing Memorandum (Doc #27) objecting to the classification of Aggravated Stalking as a crime of violence, arguing that the Base Offense Level should be 14 under U.S.S.G. § 2K2.1(a)(6), resulting in a sentencing range of 33-41 months.  On November 18, 2005, the Probation Office issued a revised PSI, reiterating that Aggravated Stalking is a crime of violence as defined in the sentencing guidelines and also treating Defendant's prior conviction for Felony DUI as a crime of violence.  Using two crimes of violence to calculate Defendant's sentence resulted in a Base Offense Level of 24 under § 2K2.1(a)(2), with a suggested sentencing range of 92-115 months.  On December 2, 2005, this court held a sentencing hearing and both sides presented arguments.  After the hearing both sides were given the opportunity to file additional briefs.  The Government submitted a Sentencing Memorandum (Doc #33) and Defendant submitted a supplement to his previous Sentencing Memorandum (Doc #34).  All arguments and submissions have been considered in this Memorandum Opinion.

### III.  DISCUSSION

The issue of whether Aggravated Stalking and/or Felony DUI are considered crimes of violence under the U.S.S.G. has a direct impact on the baseline used in calculating the advisory guidelines' sentencing range. When calculating sentencing for violations of 18 U.S.C. 922 (g) and (k) it is appropriate to refer to U.S.S.G. § 2K2.1, which establishes a base offense level for certain types of firearm violations. In the instant case, three sections of 2K2.1 are potentially relevant.

Section 2K2.1(a)(2) states that, "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense," it is proper to use a base offense level of 24. If both Aggravated Stalking and Felony DUI are determined to be crimes of violence, the § 2K2.1(a)(2) base offense level would be appropriate when calculating Defendant's sentencing range under the advisory guidelines.

The relevant portion of § 2K2.1(a)(4) says that if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense" a base offense level of 20 is appropriate. Thus, if only one of the two crimes in question is found to be a crime of violence, § 2K2.1(a)(4) should be used to calculate Defendant's advisory guidelines sentencing range.

Lastly, § 2K2.1(a)(6) says that, if the defendant was merely "a prohibited person" at the time of the instant offense, then a Base Offense Level of 14 should be used. If it is determined that neither of Defendant's prior crimes is considered a crime of violence, the base offense level would be calculated using § 2K2.1(a)(6).

Application Note 5 to § 2K2.1 adopts the meaning of "crime of violence" set out in § 4B1.2(a)

**A. Crime of Violence Under § 4B1.2(a)**

The U.S.S.G. § 4B1.2(a) defines a "crime of violence" as: "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element, the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).[1] For crimes that are not listed, § 4B1.2 provides two approaches for determining if the offense is a crime of violence. "The first approach is to determine whether the use, attempted use or threatened use of physical force against another is an element of [the crime.]" United States v. Searcy, 418 F.3d 1193, 1196 (11th Cir. 2005). "Alternatively, under the second approach, we must determine whether [the crime] involves conduct that, by its nature, presents a serious potential risk of physical injury to another." Id. If either prong of § 4B1.2 is satisfied, then the unlisted crime is considered a crime of violence.

"When a court considers the application of a sentencing enhancement it should generally follow a 'categorical approach' and 'consider only the fact of conviction and the statutory

---

[1] Application Note 1 to § 4B1.2 provide a list of crimes that are automatically deemed crimes of violence. They include murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. It then goes on to say: "Other offenses are included as a 'crime of violence' if . . . (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives . . ., or, by its nature, presented a serious potential risk of physical injury to another."

definition of the prior offense.'" United States v. Burge, 407 F.3d 1183, 1187 (11th Cir. 2005) (citation omitted), cert. denied, 126 F.3d 551 (2005). "The district court 'may look behind the judgment of conviction when it is impossible to determine from the face of the judgment or statute whether the prior crime satisfies the enhancement statute.'" Id. (citation omitted). "In such cases, the district court's review 'is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant...or to some comparable judicial record of this information.'" Id. (citing Shepard v. United States, __ U.S. __, 125 S.Ct. 1254, 1263 (2005).

### 1. Aggravated Stalking

In 2002, Defendant was convicted of violating Alabama's Aggravated Stalking statute which provides that, "A person who violates the provisions of Ala. Stat. § 13A-6-90(a) and whose conduct in doing so also violates any court order or injunction is guilty of the crime of aggravated stalking." Ala. Code § 13A-6-91 (1999). Section 13A-6-90(a) states, "A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in a reasonable fear of death or serious bodily harm, is guilty of the crime of stalking." Ala. Code § 13A-6-90 (1999).

Alabama courts have provided clear guidance as to what is required to convict a person of Aggravated Stalking. "In order to prove a prima facie case of stalking, the State must show three elements. First, the State must prove that the accused 'intentionally and repeatedly follow[ed] or harass[ed] another person.' Second, the accused must have made a 'credible threat.' Finally, the accused must have intended to place the victim in reasonable fear of death or serious bodily injury. Hayes v. State, 717 So.2d 30, 33 (Ala. Crim. App.1997) (emphasis

omitted). Although the statute mentions death or serious bodily injury, Alabama courts do not require the State to "prove that the victim was actually in fear of death or serious bodily injury." Id.; Jones v. State, No. CR-03-1179, 2005 WL 1252756, *6 (Ala. Crim. App. May 27, 2005). Regarding the victim's mental state, the State is only required to show "that a victim suffered substantial emotional distress…" Hayes, 717 So.2d at 33.  This lesser showing to prove stalking is consistent with Alabama's  "position that stalking statutes must be interpreted as broadly as possible so as to afford the victim maximum protection."  Id. (quoting State v. Randall, 669 So. 2d 223, 227 (Ala. Crim. App. 1995).

Defendant argues that, under the categorical approach, it would be impossible to say that Aggravated Stalking is a crime of violence.  He reasons that, because the State only needs to show that the victim experienced emotional distress, it is impossible to say that every threat must be a threat of physical force.  For instance, a defendant may have threatened suicide or simply made repetitive phone calls. See  United States v. Insaulgarat, 378 F.3d 456, 470 (5th Cir. 2004). Defendant relies heavily on two cases from other circuits where circuit courts determined that stalking convictions should not be treated as crimes of violence.[2]

In United States v. Jones, 231 F.3d 508 (9th Cir. 2000), the court analyzed the California stalking statute, which states that "any person who willfully, maliciously, and repeatedly follows or harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family, is guilty" of

---

[2]The Eighth Circuit held otherwise in an unpublished table opinion,  United States v. Bassham, 162 F.3d 1165, 1998 WL 378105 (8th Cir. 1998), which affirmed the district court's holding that Defendant's earlier convictions for attempted burglary and stalking were crimes of violence under the sentencing guidelines.

stalking. Cal. Penal Code § 646.9(a).  In that case, the appellant argued that the element of "threat to safety" did not necessarily involve a threat of physical force, as is required under U.S.S.G. § 4B1.2(a)(1).  The Ninth Circuit vacated the sentence, relying on a California Court of Appeals decision that had refused to interpret "safety" to apply only to physical safety.  See People v. Borrelli, 77 Cal.App.4th 703, 719 (2000).

Defendant also cites United States v. Insaulgarat, 378 F. 3d 456 (5th Cir. 2004), which held that a conviction under Florida's aggravated stalking statute was not a crime of violence. The Florida statute reads:  "Any person who, after an injunction for protection against repeat violence pursuant to § 784.046, or an injunction for protection against domestic violence, pursuant to § 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree…" Fla. Stat. Ann. § 784.048(4) (1993).  The court found that, on its face,  the Florida statute did not require the use, attempted use or threatened use of physical force.  Insaulgarat, 378 F. 3d at 469.  The court reasoned that since the indictment was silent as to the actual conduct, it was proper to assume the least culpable conduct which the jury was required to find in order to convict.  Id. (citing United States v. Houston, 364 F. 3d 243, 246 (5th Cir. 2004)). For instance, in Florida it is possible to be convicted of Aggravated Stalking by conduct that does not involve  physical force.  Id. ( stating that "harassment could be mere repetitive phone calls or suicide threats...").

Defendant's reliance on the cases discussed above is misplaced, as the Alabama statute is different from the California and Florida statutes cited.  The key difference is that in Alabama

7

there must be an intent to place the victim in reasonable fear of "death or serious bodily harm." Ala. Code § 13A-6-90 (1999).  In a 1994 amendment, the California legislature deleted the language "reasonable fear of death or great bodily injury" and replaced it with the phrase "reasonable fear for his or her safety." <u>Borrelli</u>, 77 Cal.App.4th at 719.  Both the California Court of Appeals and the Ninth Circuit interpreted this change to mean that the threat of physical force was no longer necessarily required to convict. <u>See</u> <u>Id.</u>; <u>Jones</u>, 231 F.3d at 519 (the word "safety" is not limited to physical safety).  Of course, in Alabama, no such amendment has occurred and the "death or great bodily injury" language remains, the same as the California statute had been before the change which was the basis for the Ninth Circuit's holding that stalking did not constitute a "crime of violence" there.

     The Florida statute is also different.  In Florida there is no mention of death or physical injury, so it is perfectly reasonable to conclude that all kinds of non-violent behavior fits within the statute.  In Florida, to convict on a charge of aggravated stalking, it is necessary to prove only "knowledge of an injunction and knowingly, willfully, maliciously, and repeatedly following or harassing the beneficiary of the injunction." <u>Insaulgarat</u>,, 378 F.3rd at 469.  In Alabama, it must also be proved that the defendant made "a credible threat, either expressed or implied, with the intent to place that person in a reasonable fear of death or serious bodily harm." Ala. Code § 13-A-6-90 (1999).

     Finally, Defendant's argument that it is possible under the categorical approach to commit Aggravated Stalking in Alabama without the use, attempted use, or threatened use of physical force is without merit.  Defendant places great emphasis on the fact that in Alabama it is necessary to show only that the victim suffered mere emotional distress, rather than actual fear of

injury, to convict for Aggravated Stalking. Defendant's argument is that conduct such as repetitive phone calls or threats of suicide can cause emotional distress and does not require the use, attempted use, or threatened use of physical force required to be considered a crime of violence. By focusing exclusively on the mind set of the victim, Defendant misses the fact that to convict someone of Aggravated Stalking in Alabama, "the accused must have intended to place the victim in reasonable fear of death or serious bodily injury." Hayes, 717 So.2d at 33 (emphasis in original). The Defendant here was convicted of conduct, whatever that was, toward his victim, which was done with the intent to place his victim in a reasonable fear of death or serious bodily harm. This court concludes that, regardless of the actual mental effect on the victim, conduct intended to cause another to fear death or serious bodily harm must include the threatened use of physical force. Therefore the first prong of U.S.S.G. § 4B1.2 is satisfied, and Aggravated Stalking under Alabama law should be classified as a crime of violence for sentencing purposes.

Because the first prong of U.S.S.G. § 4B1.2 is satisfied, there is no need to analyze Aggravated Stalking under the second prong.[3]

### 2. Felony DUI as a crime of violence

In 2004, Defendant was convicted of DUI for the fourth time. Under Alabama law, DUI is a misdemeanor offense until a fourth or subsequent conviction, at which point it becomes a Class C felony punishable by imprisonment of not less than one year and one day. Ala. Code § 32-5A-191 (1999). Upon his fourth conviction for DUI in 2004, Defendant was sentenced to

---

[3] If the court did so, it would conclude that Aggravated Stalking clearly involves "conduct that, by its nature, presents a serious potential risk of physical injury to another."

four years in State prison.  Defendant's felony conviction and prison sentence meets the initial requirements of a crime of violence.

The Government does not contend that Felony DUI falls within the first prong of § 4B1.2 (a), that is, Felony DUI in Alabama does not have "as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1).  Felony DUI is also not one of the four crimes of violence specifically enumerated in § 4B1.2(a)(2): burglary, arson, extortion, or the use of explosives.  What is left is the so called, "otherwise clause."  The Government argues that Felony DUI is a crime of violence because it satisfies the second prong of U.S.S.G. § 4B1.2 in that it "otherwise involves conduct that presents a serious potential risk of physical injury to another."

Another judge of this district has held, in a case essentially the same factually as this one, that Alabama's Felony DUI is a crime of violence under § 4B1.2's "otherwise  clause."  United States v. McGill, 347 F.Supp.2d 1210 (M.D.Ala. 2004) (Judge Thompson), and this court agrees with that well-reasoned opinion.

Determining whether a crime is a crime of violence under the "otherwise clause," requires a court to consider the degree of probability that such conduct might lead to physical injury to another person.  There is no place for idle conjecture or speculation in such a determination, rather it must be found that a crime, by its nature,  presents a substantial risk to other parties.  See United States v. Rutherford, 54 F.3d 370, 376 (7th Cir.1995).  A substantial risk requires "only a  strong probability of occurrence, not certainty."  United States v. DeSantiago-Gonzalez, 207 F.3d 261, 263 (5th Cir. 2000).  There can be little argument that driving while under the influence of alcohol vastly increases the probability that the driver will

injure someone.  "Any drunk driver who takes to the road should know he runs a risk of injuring another person... By driving while intoxicated, [defendants] present a serious risk of physical injury to another.  The dangers of drunk driving are well-known and well documented." United States v. McGill, 347 F. Supp. 2d 1210 (M.D. Ala. 2004) (quoting Rutherford, 54 F.3d at 376 (internal quotations omitted)).

The Eleventh and other circuit courts have analyzed whether various forms of DUI qualify as a crime of violence, usually in the context of DUI convictions with some other element of violence or physical injury.  See United States v. Rubio, 317 F.3d 1240, 1243 (11th Cir. 2003) (holding DUI with serious bodily injury is a crime of violence);  United States v. Rutherford, 54 F.3d 370, 376 (7th Cir.1995) (holding Alabama assault conviction for DUI and causing serious bodily injury to the person of another is a crime of violence); United States v. Farnsworth, 92 F.3d 1001, 1008-09 (10th Cir. 1996) (killing a human being while driving under the influence is a crime of violence); United States v. Jernigan, 257 F.3d 865, 866 (8th Cir. 2001) (negligent homicide while driving while intoxicated a crime of violence).  As noted by the Seventh Circuit, however, what is important for this analysis is the conduct that creates the risk of physical injury (i.e., driving while intoxicated), not the effect of that conduct (i.e., causing serious bodily injury to another)." Rutherford, 547 F.3d at 376.  The Seventh Circuit emphasized that recently in United States v. Sperberg, 432 F.3d 706, 709, where the court followed Rutherford in holding that a felony drunk driving conviction not involving actual injury was a "crime of violence" under the Guidelines.

The conviction in this case involves only a Felony DUI and not a DUI along with some element of harm or injury to another.  Defendant contends that this distinction should result in a

11

finding that a DUI standing alone does not fall within the crime of violence parameters as set forth in U.S.S.G § 4B1.2. To support his position, Defendant cites United States v. Walker, 393 F.3d 819 (8th Cir. 2005) which held that the Iowa offense of operating a motor vehicle while intoxicated (OWI)[4] is not considered a crime of violence under U.S.S.G. § 4B1.2.[5] In that case, as in the instant case, the crime of OWI was considered alone, and not with a separate element of violence. In arriving at its holding the court first determined that to interpret U.S.S.G. § 4B1.2((a)(2) it is proper to use the interpretive canons of noscitur a sociis (a word is "known by its associates") and ejusdem generis ("of the same kind or class"). Section 4B1.2(a)(2) begins with a specific list of crimes that are defined therein as crimes of violence: burglary of a dwelling, arson, extortion, and the use of explosives. These specific crimes are followed by the more general "otherwise" clause that includes offenses that "otherwise involve(s) conduct that presents a serious potential risk of physical injury to another." The court held that "[w]here general words follow specific words in a statutory enumeration, the established interpretive canons of noscitur a sociis and ejusdem generis provide that the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." Walker, 393 F.3d at 824. The Eighth Circuit then determined that it was common sense that a stand-alone OWI was "not the same kind of offense as the crimes specifically listed in the U.S.S.G. § 4B1.2(a)(2)" because those crimes are "hostile, aggressive acts" that "create a

---

[4]Although called "OWI" vice the more traditional "DUI," the Iowa statute does not differ significantly from the Alabama statute at issue in this case. See Iowa Code § 321J.2.1 (1993).
[5]Although the panel opinion in Walker remains the law in the Eighth Circuit at this time, a divided panel in a later case has resulted in the granting of a rehearing en banc on the issue. United States v. McCall, 397 F.3d 1028 (8th Cir.), rehearing en banc granted, 2005 U. S. App. Lexis 7043.

significant risk of violent confrontation between the criminal and the victim or the law enforcement officer." Walker, 393 F.3d at 825.

First, this court finds the Eighth Circuit's holding that, for a crime to be a crime of violence under the "otherwise clause," it must be similar to burglary of a dwelling, arson, extortion, or the use of explosives, to be a strained interpretation that ignores the fact that § 4B1.2(a)(2) could easily have been written to say "otherwise involves similar conduct. . . ." but was not. Furthermore, that interpretation ignores Application Note 1 of the Commentary to § 4B1.2, which explains without limitation that "[o]ther offenses are included as 'crimes of violence' if . . . (B) the conduct set forth (i.e., expressly charged) . . . by its nature, presented a serious potential risk of physical injury to another." No other circuit has so restricted the operation of the "otherwise clause," and such a restriction is actually contrary to the Eleventh and other circuit cases previously cited as holding DUI convictions resulting in injury to be included in the clause since, as noted, it is the conduct (DUI) which controls, and not the actual results.

Relying on the legislative history of a statute and on canons of statutory construction to insert a word into what this court finds to be an unambiguous provision of the U.S.S.G. would violate what the Supreme Court has referred to as the "cardinal canon":

> In any event, canons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.

Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54 (1992).

It is not the business of courts to attempt to state what Congress, and in this case the

13

Sentencing Commission as authorized by Congress, meant to say; it is the responsibility of courts to enforce what was clearly said.  "To augment the statutory language with an additional element, never mentioned by Congress, ...violates the cardinal rule of statutory construction." Owens v. Samkle Automotive Inc., 425 F.3d 1318, 1321 (11th Cir. 2005).  Here, § 4B1.2(a)(2) clearly says "or otherwise involves conduct that presents a serious potential risk of physical injury to another," and not "or otherwise involves similar conduct...."  That being the case, "then, this first canon is also the last: 'judicial inquiry is complete.'  Connecticut Nat. Bank, 503 U.S. at 254 (citation omitted).

   Even if "similar" could be judicially inserted into the language of § 4B1.2(a)(2), however, this court does not agree that Felony DUI would not fall within the types of offenses specifically listed.  The possibility of acts that are not "hostile, aggressive acts," as Walker refers to the listed crimes, resulting in confrontation has been used previously to justify classifying a particular crime as a crime of violence.  For example, the Eleventh Circuit, as well as other circuits, have held that escape, even under the most benign circumstances, is a crime of violence. See United States v. Gay, 251 F.3d 950 (11th Cir. 2001); United States v. Harris, 165 F.3d 1062 (6th Cir. 1999); United States v. Ruiz, 180 F.3d 675 (5th Cir. 1999); United States v. Nation, 243 F.3d 467 (8th Cir. 2001).  While the factual situations differ, the common theme is that the serious potential risk of physical injury to another exists if the escapee is confronted by pursuers.  In Gay, the Eleventh Circuit  held that a defendant who simply walked away from an unsecured diversion center was guilty of a crime of violence because the potential for a violent confrontation existed. Gay,  251 F.3d at 955.   The court reasoned:

> [E]very escape scenario is a powder keg, which may or may not explode into
> violence and result in physical injury to someone at any given time, but which

14

> always has the serious potential to do so…Indeed, even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody.

Id. at 954 (quoting United States v. Gosling, 39 F.3d 1140, 1142 (10th Cir.1994)).

To interpret such cases as being similar to the listed offenses only because of the "significant risk of violent confrontation between the criminal and the victim or the law enforcement officer," is, again, to engraft a restrictive interpretation onto the language which requires only "conduct that presents a serious potential risk of physical injury to another." It is the possibility of a violent conclusion and physical injury to others that places Felony DUI within the crime of violence category, similar to those specific crimes listed in U.S.S.G. § 4B1.2(A)(2). Indeed, if escape is a "powder keg" waiting to explode, then Felony DUI is a loaded weapon waiting to be fired.

In reaching what this court believes to be the wrong conclusion, the Eighth Circuit in Walker was forced to distinguish its earlier holding in United States v. Jernigan, 257 F.3d 865 (8th Cir. 2001). In Jernigan, the court held that negligent homicide while driving intoxicated was a crime of violence. The court in Walker distinguished Jernigan by reasoning that, unlike a DUI homicide statute, the offense of OWI in Iowa "includes no element of harm to another person, nor even an element of risk of harm to another person." Walker, 393 F.3d at 827.

While the risk of harm is not an express element of the Alabama Felony DUI statute, that risk is inherent in the very nature of the crime. "To say that [the defendant's] conduct created a serious risk of injury [only] because he in fact injured another person is nonsensical." Rutherford, 54 F.3d at 376. (parenthesis added)

15

As Judge Thompson aptly stated, "[F]elony DUI is a 'crime of violence' under the Guidelines simply because the conduct itself creates a risk of injury, regardless of whether an injury actually results, and regardless of whether the conduct was willful, knowing, reckless, or even negligent." United States v. McGill, 347 F. Supp. at 1215.

Finally, Defendant points out that to be convicted of DUI in Alabama, there is no requirement that one actually needs to be found driving the vehicle. For instance, a defendant can receive a DUI for steering a broken-down car that is being pushed or by sitting in a vehicle with the engine hot or running. McGill, 347 F. Supp. 2d at 1215 (citing Adams v. State, 585 So. 2d 161, 163-64 (Ala. 1991)). Thus, Defendant argues, under a categorical approach if an intoxicated defendant is not actually driving, there is no risk of violence towards others.

This argument does not succeed. In Alabama, "[a]ctual physical control is defined as the exclusive physical power, and present ability, to operate, move, park, or direct whatever use or non-use is to be made of the motor vehicle at the moment as determined by the totality of the circumstances." Davis v. State, 505 So.2 1303, 1305 (Ala. Crim. App. 1999). It is the present ability to drive or move the car that creates a "serious potential risk of physical injury to another" even if the car, in fact, was never driven. McGill, 347 F. Supp. 2d at 1216. An intoxicated person whose judgment and inhibitions are impaired presents a serious potential risk that he will turn the key and begin driving, or otherwise cause the car to move creating a hazzard for other drivers and pedestrians. Id.

## V.  CONCLUSION

For the reasons discussed above, Defendant's objections are OVERRULED.  The court finds that both Aggravated Stalking and Felony DUI are crimes of violence as defined by U.S.S.G. § 4B1.2(a)(2) and will sentence the Defendant accordingly.

Done this 30th day of January, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE